UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
IOANNIS ARGITIS,

                              Plaintiff,                    **COMPLAINT**

-against-

DMD CONTRACTING LLC,                        **JURY TRIAL**
                                                                  **DEMANDED**

                              Defendant.
----------------------------------------------------------------x

Plaintiff, by his attorneys, LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., as and for his Verified Complaint, sets forth the following, upon information and belief:

## PARTIES AND JURISDICTION OF THIS COURT

1. Plaintiff IOANNIS ARGITIS was and is a resident of the State of New York and resides in the Eastern District of New York.

2. Defendant DMD CONTRACTING LLC("DMD") is a foreign corporation duly organized and existing under and pursuant to the Laws of the State of New Jersey.

3. Defendant DMD was and is a foreign corporation that conducts business in the State of New York.

4. Defendant DMD was and is a foreign corporation that is doing business in the State of New York.

5. Defendant DMD was and is a foreign corporation that is subject to jurisdiction in the State of New York as this action arises out of DMD's business activities in the State of New York.

6. There exists diversity of citizenship between the plaintiff and the defendant.

7. The amount in controversy between the parties exceeds $75,000.00.

8. This Court has jurisdiction of this action pursuant to 28 USC §1332.

9. On and before September 28, 2020, defendant DMD expected or should have reasonably expected its acts to have consequences in the State of New York.

10. On and before September 28, 2020, defendant DMD's business activities within the State of New York gave rise to the causes of action of plaintiff herein.

11. Defendant DMD is subject to the court's personal jurisdiction in the State of New York where the Eastern District of New York is located.

12. The venue of this action pursuant to 28 USC §1391(b)(3) is properly within the U.S. District Court, Eastern District of New York as the defendant DMD is subject to the court's personal jurisdiction with respect to this action.

13. The majority of all non-party witnesses reside in the Eastern District of New York and plaintiff's treating physicians practice medicine in the Eastern District of New York.

## FIRST CAUSE OF ACTION

14. Plaintiff repeats and realleges all of the allegations contained herein above as if set forth at length herein.

15. On and before September 28, 2020, the building, structure and premises located at 12 Pine Bush Road, Stone Ridge, New York 12484 was known as the Marbletown Elementary School [hereinafter referred to as "the premises"].

16. On and before September 28, 2020, the building, structure and premises located at 12 Pine Bush Road, Stone Ridge, New York 12484 was owned by the Rondout Valley Central School District [hereinafter "RVCSD"].

17. The aforesaid premises, located at 12 Pine Bush Road, Stone Ridge, New York 12484 is not a one- or two-family dwelling.

18. On and before September 28, 2020, defendant DMD contracted with the RVCSD for the performance of roofing construction, renovation, repair and/or alteration work on the premises.

19. On and before September 28, 2020, defendant DMD contracted for the performance of roofing construction, renovation, repair and/or alteration work on the premises with the owner of the Marbletown Elementary School.

20. On and before September 28, 2020, defendant DMD acted as the general contractor for the roofing construction, renovation, repair and/or alteration work on the premises.

21. On and before September 28, 2020, defendant DMD acted as the agent of the owner of the premises for the performance of the roofing construction, renovation, repair and/or alteration work on the premises.

22. On and before September 28, 2020, defendant DMD acted as the agent of the owner of the premises and contracted to perform the roofing construction, renovation, repair and/or alteration work on the premises.

23. Prior to September 28, 2020, defendant DMD entered into a sub-contract for the performance of the roofing construction, renovation, repair and/or alteration work that it had agreed to and contracted to perform at the Marbletown Elementary School building for the RVCSD with NIKO K CONSTRUCTION Corp. [herein "NIKO K CONST."].

24. Prior to September 28, 2020, NIKO K CONST. entered into a contract for roofing construction, renovation, repair and/or alteration work on the premises with defendant DMD.

25. On and before September 28, 2020, NIKO K CONST. performed roofing construction, renovation, repair and/or alteration work on the premises.

26. On and before September 28, 2020, NIKO K CONST. acted as the defendant's sub-contractor for the roofing construction, renovation, repair and/or alteration work on the premises.

27. On and before September 28, 2020, defendant DMD managed the roofing work on the premises.

28. On and before September 28, 2020, defendant DMD supervised the roofing work on the premises.

29. On and before September 28, 2020, defendant DMD controlled the roofing work on the premises.

30. On and before September 28, 2020, defendant DMD directed the roofing work on the premises.

31. On and before September 28, 2020, plaintiff IOANNIS ARGITIS [hereinafter "ARGITIS"] was an employee of NIKO K CONST.

32. On September 28, 2020, plaintiff ARGITIS was an employee of NIKO K CONST. and, in the course of his work, was performing roofing construction, renovation, repair and/or alteration work on the premises.

33. On September 28, 2020, plaintiff ARGITIS was performing roofing construction, renovation, repair and/or alteration work on the premises, as an employee of NIKO K CONST.

34. On September 28, 2020, defendant DMD controlled, supervised and directed the ongoing roofing construction, renovation, repair and/or alteration work on the premises that was performed at the premises by NIKO K CONST and by plaintiff ARGITIS, a NIKO K CONST. employee.

4

35. On September 28, 2020, defendant DMD's employee was present at the work site at the premises.

36. On September 28, 2020, defendant DMD's employee that was present at the work site had the authority to control, supervise and direct the roofing construction, renovation, repair and/or alteration work on the premises that was performed at the premises by NIKO K CONST.

37. On September 28, 2020, defendant DMD had the authority to assure and require that the roofing construction, renovation, repair and/or alteration work on the premises was performed in a safe manner required under New York state laws, including but not limited to, Labor Law §§240(1), 241(6) and 200 as well as the regulations in New York's Industrial Code Part 23 and the OSHA regulations applicable to safety.

38. On September 28, 2020, defendant DMD had the authority to stop any roofing construction, renovation, repair and/or alteration work on the premises that was performed in an unsafe manner.

39. On September 28, 2020, defendant DMD had the authority to stop any roofing construction, renovation, repair and/or alteration work on the premises that was performed in an unsafe manner that was required under New York state laws, including but not limited to, Labor Law §§240(1), 241(6) and 200 as well as the safety regulations in New York's Industrial Code Part 23 and the OSHA regulations applicable to safety.

40. On September 28, 2020, while plaintiff ARGITIS was performing roofing work at the premises, he was working at an elevated work location.

41. On September 28, 2020, defendant DMD was responsible for the safe use of ladders and other elevation devices for the roofing construction, renovation, repair and/or alteration work on the premises.

42. On September 28, 2020, while plaintiff ARGITIS was performing roofing work at the premises, he was at an elevated work location while upon a ladder.

43. On September 28, 2020, while plaintiff ARGITIS was performing roofing construction, renovation, repair and/or alteration work at the premises, he was at an elevated work location while upon a ladder that defendant DMD was required to control, supervise and manage so that the ladder provided proper protection and safety to workers at an elevated work location.

44. On September 28, 2020, while plaintiff ARGITIS was performing roofing construction, renovation, repair and/or alteration work at the premises, he was at an elevated work location upon a ladder that was unsecured.

45. On September 28, 2020, while plaintiff ARGITIS was performing roofing construction, renovation, repair and/or alteration work at the premises, he was at an elevated work location upon a ladder that was not secured, not braced and not tied off.

46. On September 28, 2020, while plaintiff ARGITIS was performing roofing construction, renovation, repair and/or alteration work at the premises, he was at an elevated work location upon a ladder that was not constructed, placed and operated as to give proper protection to a person so employed.

47. On September 28, 2020, while plaintiff ARGITIS was performing roofing construction, renovation, repair and/or alteration work at the premises,

defendant DMD failed to furnish or erect, or cause to be furnished or erected for the performance of such labor, such scaffolds, ladders or other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed, including but not limited to, plaintiff.

48. On September 28, 2020, while plaintiff ARGITIS was performing roofing construction, renovation, repair and/or alteration work at the premises ans was at an elevated work location upon a ladder, the ladder collapsed and failed and ARGITIS was caused to fall.

49. On September 28, 2020, as plaintiff ARGITIS was performing roofing construction, renovation, repair and/or alteration work at the premises at an elevated work location upon a ladder that failed and collapsed, he caused to fall and become injured due to the negligence, carelessness and recklessness of the defendant DMD.

50. On September 28, 2020, as plaintiff ARGITIS was performing roofing construction, renovation, repair and/or alteration work at the premises at an elevated work location upon a ladder that collapsed and fell, he caused to fall and become injured due to the defendant DMD's violation of New York Labor Law §§240(1), 241(6) and 200 and the defendant DMD's violation of the safety regulations in New York's Industrial Code Part 23 and OSHA regulations applicable to safety.

51. Plaintiff IOANNIS ARGITIS was injured.

52. Plaintiff IOANNIS ARGITIS was seriously injured.

53. Plaintiff ARGITIS, as a result of the defendant's negligence and violations of Labor Law §§240(1), 241(6) and 200, sustained multiple painful

7

injuries and damages, has required and will continue to require medical and surgical care and treatment, has sustained a loss of earnings and a loss of his future earnings capacity and has and will continue to suffer medical expenses, pain and suffering, loss of earnings and other damages.

54. The aforementioned negligence, carelessness and recklessness of the defendant DMD, its agents, servants, employees and/or its sub-contractors in the management, supervision, direction and control of the roofing work at the premises on September 28, 2020 that caused the injuries to and damages of the plaintiff ARGITIS.

55. The aforementioned negligence, carelessness and recklessness of the defendant DMD, its agents, servants, employees and/or its sub-contractors in the performance of the roofing work and the use of the ladder on September 28, 2020 caused the injuries of plaintiff ARGITIS.

56. The injuries and serious injuries sustained by plaintiff were due to the negligence of defendant DMD and/or due to DMD's violation of New York state's Labor Law §§240(1), 241(6) and 200 and/or DMD's failure to provide, erect and furnish plaintiff with necessary safety devices.

57. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

58. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, specifically including but not limited to Section 1602 (2), 1602 (4), 1602 (7) and 1602 (8).

59. As a result of the foregoing, plaintiff ARGITIS has been damaged in an amount in excess of the $75,000 jurisdictional limit of 28 USC 1332.

## SECOND CAUSE OF ACTION

60. Plaintiff repeats and realleges all the preceding allegations contained in this Complaint as if fully set forth at length herein.

61. On September 28, 2020, defendant DMD failed to furnish or erect or cause to be furnished or erected, for the performance of plaintiff's labor, scaffolding, ramps, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices, which were so constructed, placed and operated as to give proper protection to caused the injuries of Plaintiff ARGITIS.

62. Defendant DMD violated of Labor Law §§240(1), 241(6) and 200 of the State of New York and Rule 23 of the Industrial Code of the State of New York, including but not limited to 12 NYCRR §§23-1.7(b); 23-1.16; 23-1.17; 23-1.21 (a-f); 23-5.1; 23-5.1(b); 23-5.1(c); 23-5.1(f); 23-5.1(j)(1); 23-5.3; 23-5.4; 23-5.5; 23-1.7(f); 23-1.21(b)(3); 23-1.21(b)(4); 23-1.21(b)(8); 23-1.21(e)(2); 23-1.2(a); 23-1.7(b)(1)(i), (ii) and (iii); 23-1.7(e)(1)and (2), 23-1.15; 23-1.16; 23-1.22, 23-2.1(a) and OSHA safety regulations for roofing and construction work.

63. The defendants' violation of the above sections of the Labor Law and of the Industrial Code and of OSHA construction site safety regulations were substantial factors in causing this occurrence.

64. The defendants' violation of the above sections of the Labor Law and of the Industrial Code and of OSHA construction site safety regulations were substantial factors that caused the fall and collapse of the ladder that caused plaintiff ARGITIS to fall from an elevated work location and become injured.

65. Plaintiff IOANNIS ARGITIS was injured.

66. Plaintiff IOANNIS ARGITIS was seriously injured.

67. By reason of the foregoing violations of law and regulations and the negligence of the defendant DMD, plaintiff ARGITIS sustained severe injuries.

68. By reason of the foregoing and the negligence of the defendant DMD, defendant caused the injuries and damages of plaintiff ARGITIS on September 28, 2020.

69. The injuries and/or serious injuries sustained by plaintiff were due to the negligence, carelessness, recklessness and violations of New York Labor Law §§ 240(1), 241(6) and 200, by the defendant DMD, its agents, servants and/or employees and/or sub-contractors.

70. As a result of the foregoing, defendants are liable or strictly liable to plaintiff ARGITIS for his injuries.

71. As a result of the foregoing, plaintiff ARGITIS has been damaged in an amount in excess of the $75,000 jurisdictional limit of 28 USC 1332.

### THIRD CAUSE OF ACTION

72. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth at length herein.

73. On and before September 28, 2020, defendant DMD controlled, supervised, directed and managed the ongoing roofing construction, renovation, alteration and repair which was being performed at the premises.

74. On and before September 28, 2020, defendant DMD was negligent in failing to exercise proper supervisory control of the roofing work site and of the

work and equipment and ladders used at the work site and in causing, permitting and allowing dangerous, defective and unsafe conditions to exist that were substantial factors in causing the ladder to fail and collapse that caused plaintiff Mr. ARGITIS to fall while at the roofing construction site.

75. Plaintiff IOANNIS ARGITIS was injured.

76. Plaintiff IOANNIS ARGITIS was seriously injured.

77. By reason of the aforesaid negligence of the defendant DMD, plaintiff Mr. ARGITIS sustained severe injuries.

78. The injuries and/or serious injuries sustained by plaintiff were due to the negligence, carelessness and recklessness of the defendant DMD, its agents, servants and/or employees and/or sub-contractors.

79. As a result of the foregoing, plaintiff ARGITIS has been damaged in an amount in excess of the $75,000 jurisdictional limit of 28 USC 1332.

## FOURTH CAUSE OF ACTION

80. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth at length herein.

81. Defendant DMD and its agents failed to furnish or erect, or cause to be furnished or erected for the performance of plaintiff's labor, scaffolding, hoist, stays, ladders, slings, hangers, blocks, pullies, braces, irons, ropes or other devices and failed to see to it that such equipment and/or devices were so constructed, placed, operated and maintained as to give proper protection to plaintiff.

82. Defendant DMD's failure to see to it that such equipment and devices were so constructed, placed, operated and maintained as to give proper to plaintiff ARGITIS was a substantial factor in causing this occurrence.

83. Plaintiff IOANNIS ARGITIS was injured.

84. Plaintiff IOANNIS ARGITIS was seriously injured.

85. By reason of the foregoing failure and the negligence of the defendant DMD, plaintiff ARGITIS sustained severe injuries.

86. Due to the defendant DMD's violation of law, including New York Labor Law §§240(1), 241(6) and 200 and the safety regulations in New York's Industrial Code Part 23 and OSHA regulations applicable to safety, and DMD's failure as aforesaid herein, the defendant is absolutely liable to the plaintiff ARGITIS for his injuries and damages.

87. The injuries and/or serious injuries sustained by plaintiff was due to the negligence, carelessness and recklessness of the defendant DMD, its agents, servants and/or employees.

88. As a result of the foregoing, plaintiff ARGITIS has been damaged in an amount in excess of the $75,000 jurisdictional limit of 28 USC 1332.

WHEREFORE, plaintiff IOANNIS ARGITIS demands judgment against the defendants on the First, Second, Third and Fourth Causes of Action in an amount greater than $75,000 to be determined by the jury to constitute fair and adequate compensation for all of the losses and damages caused by the defendant and all damages available under New York state law, with interest from the date of the occurrence, together with the costs and disbursements of this action, and

Due to the defendants' reckless conduct and the defendants' wanton and willful disregard for the safety of the workers at the work site, including the plaintiff ARGITIS, the defendant is liable for punitive damages exceeding TEN MILLION ($10,000,000) DOLLARS in an amount to be determined by the jury herein.

DATED:   New York, New York
         April 29, 2021

>   Yours, etc.,
>
>   LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.
>
>   By: _____
>   THOMAS J. MOVERMAN
>   Attorneys for Plaintiff
>   40 Fulton Street - 25th Floor
>   New York, NY 10038
>   (212) 285-3300

## VERIFICATION

THOMAS J. MOVERMAN, an attorney duly admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

I am a member of the firm of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., attorneys for the plaintiff.

I have read the foregoing Complaint and know the contents thereof. I believe the matters therein alleged to be true.

The reason this Verification is being made by me, and not by plaintiff, is that the plaintiff resides in a county other than the one in which this firm maintains its offices.

The source of my information and the grounds of my belief are the communications, papers, reports and investigations contained in the firm's file.

DATED: New York, New York
April 29, 2021

THOMAS J. MOVERMAN